IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARNULFO RASCON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Cause No. 3:21-CV-00297 |
| MEDICAL DEVICE BUSINESS | § | |
| SERVICES, INC. FORMERLY KNOWN | § | |
| AS DEPUY ORTHOPAEDICS, INC, | § | |
| | § | |
| Defendant. | § | |

MEDICAL DEVICE BUSINESS SERVICES, INC., F/K/A
DEPUY ORTHOPAEDICS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant,

Medical Device Business Services, Inc., ("Defendant" or "MDBS") f/k/a DePuy Orthopaedics,

Inc., hereby removes this action, captioned *Arnulfo Rascon v. Medical Device Business Services,*

*Inc., Formally Known As DePuy Orthopaedics, Inc*, Docket 2021-DCV3808, from the 41st

Judicial District Court, El Paso County, to this Court. Pursuant to 28 U.S.C. § 1446(a), Defendant

provides the following statement of grounds for removal.

**Preliminary Statement**

1.      In the present product liability action, Plaintiff Arnulfo Rascon ("Plaintiff" or

"Rascon") seeks damages due to injuries he alleges were caused by a knee component, which

Defendant allegedly manufactured. Defendant vigorously denies it committed any wrongdoing or

that Plaintiff is entitled to the relief that he seeks or any relief whatsoever.

2.      Of more immediate concern for this Court, the face of Plaintiff's Complaint

establishes original federal subject matter jurisdiction over this action based on 28 U.S.C.

§ 1332(a) because: (a) there is complete diversity of citizenship between Plaintiff and Defendant;

and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.  Defendant

therefore exercises its right to a federal forum and removes this action to this Court pursuant to 28

U.S.C. §§ 1332, 1441, and 1446.

## Background and Procedural History

3.        Plaintiff commenced this action in the El Paso County 41st Judicial District Court,

State of Texas, on or about October 28, 2021 by filing a Petition captioned *Arnulfo Rascon v.*

*Medical Device Business Services, Inc., Formally Known As DePuy Orthopaedics, Inc*, Cause No.

2021DCV3808 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies

of the Citation and Complaint, as well as other process, pleadings, motions, and orders in the State

Court Action that were served upon the Defendant are attached collectively as Exhibit 1.

4.        Plaintiff seeks damages arising from unspecified knee components allegedly

manufactured by Defendant and utilized in Plaintiff's right knee during a total knee replacement

surgery on April 18, 2019. *See* Petition ¶¶ 8–9.  Specifically, Plaintiff alleges that following the

total knee replacement he developed inflammation and pain which necessitated additional

surgeries on October 31, 2019 and September 15, 2020. *Id.* at ¶¶ 10–12.  Plaintiff alleges that a

third surgery on his right knee has been scheduled. *Id.* at ¶13.  Plaintiff further alleges: (1) that his

injuries were caused by the alleged negligent design, manufacturing, and marketing of the knee

components; (2) the knee components were defective and unreasonably dangerous and hazardous

based on defective and improper manufacturing; and (3) Defendant failed to properly and

adequately warn and instruct healthcare providers which category of patients were proper

candidates for the product or surgery, and the safest and most effective methods of implantation

of the knee components. *Id.* at ¶¶14–16.  Plaintiff alleges the actions of Defendant noted above

were a proximate cause of the failed knee replacement and revisions. *Id.* at ¶ 17. Defendant denies

that Plaintiff is entitled to the relief sought in his Complaint, or to any relief whatsoever.

<u>**Basis for Removal – Diversity Jurisdiction**</u>

**I.     The Requirement for Complete Diversity of Citizenship is Satisfied Because Each Defendant is Diverse from Plaintiff.**

5.       Plaintiff is, and was at the time the State Court Action was filed, a citizen of the

State of Texas. *See* Petition ¶ 1.

6.       MDBS is, and was at the time the State Court Action was filed, a corporation

incorporated under the laws of the State of Indiana, with its principal place of business in the State

of Indiana.   Accordingly, MDBS is deemed to be a citizen of Indiana for purposes of federal

diversity jurisdiction.

7.       Because Plaintiff is a citizen of Texas and Defendant is a citizen of Indiana, the

complete diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied. *Guillory v. Haza Foods La.,*

*LLC*, No. 18-00469, 2018 WL 3300311, at *2 (W.D. La. June 13, 2018) ("Complete diversity

'requires that all persons on one side of the controversy be citizens of different states than all

persons on the other side.'") (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th

Cir. 2008)).

**II.     The Jurisdictional Amount-in-Controversy Requirement is Satisfied.**

12.       The Petition alleges that Plaintiff seeks damages for his claims, including but not

limited to "pain, mental anguish, and physical impairment, in the past and in reasonable probability

into the future." *See* Complaint ¶ 18.   According to the plain language of the Petition, Plaintiff

seeks "monetary relief over $200,000 but not more than $1,000,000." *Id.* at ¶ 4. Because Plaintiff

seeks damages in excess of $75,000, exclusive of interest and costs, the jurisdictional amount-in-

controversy requirement is satisfied.  28 U.S.C. § 1332(a).

13.     In sum, this Court has original subject matter jurisdiction over this action based on 28 U.S.C. § 1332(a) because: (a) there is complete diversity of citizenship between Plaintiff and Defendant; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Procedural Requirements

14.     The 41st Judicial District Court in El Paso County, State of Texas, is located within the United States District Court for the Western District of Texas.  Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(b)(1).

15.     This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1). MDBS received a copy of the Petition on November 8, 2021.  The Notice of Removal is being filed within 30 days of this date.

17.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the 41st Judicial District Court in El Paso County, State of Texas and promptly served on Plaintiff.

18.     Defendant does not waive any legal defenses, including but not limited to the defense of lack of personal jurisdiction, and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

19.     If any question arises as to the propriety of this removal, Defendant requests the opportunity to present written and oral argument in support of removal.

### Conclusion

For the foregoing reasons, Defendant removes this lawsuit to the Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

*<Signature page follows.>*

4

Respectfully submitted,

J. Scott Mann
State Bar No. 24002519
MANN MORROW, PLLC
671 S. Mesa Hills Dr., Suite A1
El Paso, Texas  79912
915-226-0400
scott.mann@mannmorrow.com

*Attorney for Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on December **3**, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail and/or served by electronic mail to counsel for plaintiff.

J. SCOTT MANN